```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

JORDAN WHITE, #225817,          :

     Plaintiff,                 :

vs.                             :   CIVIL ACTION 22-00292-JB-B

DR. PERDUE,                     :

     Defendant.                 :
```

## REPORT AND RECOMMENDATION

Plaintiff Jordan White, an Alabama prison inmate who is proceeding *pro se* and *in forma pauperis*, filed the instant action 42 U.S.C. § 1983 action. The action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and it is now before the undersigned due to White's failure to prosecute and to obey the Court's order. (See Doc. 15, PageID.334).

White filed this action on July 25, 2022, for denial of adequate medical treatment while he was incarcerated at the Mobile County Metro Jail ("Metro Jail"). (Doc. 1). During the screening process required by 28 U.S.C. § 1915(e)(2)(B)(i-iii), White was twice ordered to file an amended complaint that complied with the Court's pleading directives. (Doc. 4, PageID.21; Doc. 6, PageID.37). In his second amended complaint, White named Dr. Perdue as Defendant. (Doc. 7 at 5, PageID.45).

Subsequent thereto, Defendant Dr. Perdue filed his answer and

special report. (Docs. 13. PageID.63; Doc. 14, PageID.326). After a review of these filings, the undersigned advised the parties that Defendant's answer and special report was being converted into a Motion for Summary Judgment. (Doc. 15, PageID.334). In addition to advising the parties that the answer and special report were being converted into a motion for summary judgment, the Court expressly notified the parties that any response in support of or in opposition to the motion was required to be filed by June 7, 2023. (Id. at 4, PageID.337). The conversion order also required White to inform the Court in writing, by June 7, 2023, if he desired to continue litigating this action. White was advised that if he did not inform the Court of his desire to continue litigation by that date, the undersigned would consider his inaction an abandonment of the prosecution of this action. (Id.).

The conversion order was sent to White at Kilby Correctional Facility, which is the address he listed in his last amended complaint (doc. 7) and is the address listed for him on the Alabama Department of Corrections' website. See www.doc.state.al.us/InmateSearch (last visited June 23, 2023). Moreover, White's copy of the conversion order has not been returned to the Court by postal officials.

To date, White has not responded to the summary judgment motion or to the conversion order's requirement that he advise the

2

Court if he is interested in continuing to litigate this action. He has also failed to request additional time in which to respond to the motion.  Therefore, considering White's lack of response, the undersigned concludes that White has abandoned the prosecution of this action.

In determining what action should be taken when confronted with a plaintiff's abandonment of his action, the undersigned recognizes that a court has the inherent power to dismiss an action if the plaintiff fails to prosecute or if he fails to comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  In addition to a court's inherent power, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss *sua sponte* an action for the plaintiff's failure to prosecute or to comply with a court order. Brutus v. IRS, 393 F. App'x 682, 683 (11th Cir. 2010)[1]; Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005).  A court possesses

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

this power out of necessity "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and internal quotation marks omitted).

In dismissing an action for failure to prosecute or obey a court, a court exercises its discretion. Link, 370 U.S. at 633, 82 S.Ct. at 1390; Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007). The dismissal of an action for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

The undersigned understands that dismissal of White's action without prejudice at this time will more than likely be tantamount to a dismissal with prejudice of all his claims or some of them. Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014)("[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice."). That is, due to the two-year statute of limitations for a § 1983 action filed in Alabama, White will be precluded from filing a viable future action based on his claims.[2]

---

[2] In the second amended complaint, White provides the dates of May 9, 2021 through May 2022 for when his claims arose. (Doc. 7 at 8, PageID.48). And in

4

Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.)(§ 1983), cert. denied, 506 U.S. 917 (1992).

To summarize, White did not comply with the order to let the Court know in writing if he desired to continue litigating this action even though he was warned that the failure to respond would be considered an abandonment of the prosecution of his case. (Doc. 15 at 4, PageID.337). Nor has White requested additional time to respond to the summary judgment motion. Due to White's lack of compliance with the Court's orders, the undersigned concludes that White has lost interest in his action and thus has abandoned the litigation. Accordingly, White's noncompliant conduct is due to be sanctioned; however, available sanctions are limited by his indigency and his rebuffing of the Court's order. Considering Defendant's and the Court's expenditure of time and resources and White's obstinate conduct, the undersigned recommends that this action's dismissal without prejudice be imposed as a sanction because lesser sanctions, such as monetary penalty, will not suffice to deter such conduct. See Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished) (affirming the district court's dismissal of a *pro se* prisoner's action for failure to prosecute when he failed to respond to the summary judgment notice or to show cause why the action should not be dismissed); Norman

---

his first amended complaint, he provides the date of July 19, 2021, for his claims arose. (Doc. 5, PageID.31).

v. Harris, 2020 WL 4497815, at *1 n.1, *2 (S.D. Ga. July 6, 2020) (unpublished) (recommending dismissal of an action for plaintiff's failure to prosecute his claim by failing to respond to defendant's summary judgment motion and noting that the report and recommendation provided fair notice to the plaintiff of the court's intent to dismiss and an opportunity for the plaintiff to respond), adopted, 2020 WL 4493123 (S.D. Ga. Aug. 4, 2020); see also Frith v. Curry, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the Court's order and did not pay the partial filing fee).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **23rd** day of **June, 2023.**

                          **/s/ SONJA F. BIVINS**
                     **UNITED STATES MAGISTRATE JUDGE**